McSHAFER v HENRY et

Ohio Appeals, 9th Dist, Summit Co

No 2537. Decided May 15, 1935

Howard L. Weaver, Akron, and Paul W. Vale, Akron, for plaintiff in error.

Ferbstein & Sicherman, Akron, for defendants Alvin Henry, George Schultz and Daniel Goodenberger.

Clinton DeWitt, Cleveland, and Bruce W. Bierce, Akron, for defendant The Home Indemnity Co.

Howell, Roberts & Duncan, Cleveland,

and Motz & Morris, Akron, for defendant
The Fidelity & Casualty Co. of New York.

## OPINION

By WASHBURN, J.

While the judgment entry does not show whether the action was dismissed for failure to prosecute or because the plaintiff did not care to plead further and was content to test the correctness of the ruling on the demurrers by the institution of this action, we assume that the latter reason obtained and that therefore said ruling on the demurrers is before this court for review.

At the outset it should be understood that it is conceded that, because of lapse of time, plaintiff, at the time this suit was begun, had no cause of action against any or all of the defendants except it be one of contract on said bonds, the petition showing that plaintiff's right to sue any of the defendants in tort was barred by the statute of limitations.

The Henry bond bound him and his bondsman for damages up to the amount of $15,000 for the nonfeasance, misfeasance and malfeasance in office of Henry or his two deputies, Schultz and Goodenberger, and the bond of Schultz bound him and his bondsman for damages up to $5,000 for the nonfeasance, misfeasance and malfeasance in office of Schultz, and the Goodenberger bond bound him and his bondsman for damages up to the amount of $10,000 for the nonfeasance, misfeasance and malfeasance in office of Goodenberger.

The bonds sued upon were different as to dates and amounts and as to the parties signing the same, as well as to the parties whose faithful performance of official duties were guaranteed. The signers of the Goodenberger bond were in no sense responsible for the misconduct of said other officials.

It is conceded that a person entitled to the benefit of a bond which is forfeited may join the principal and his sureties in an action on the bond (§11242, GC); but except in foreclosure suits, the general rule is that causes of action, to be joinable, must each affect all of the parties to the action (§11306, GC). Manifestly, there is nothing in said bonds indicating that actions thereon are joinable.

Are they made joinable by reason of the facts alleged in the petition, which are that the misconduct in office complained of was committed by Schultz and Goodenberger while acting together in arresting plaintiff?

If plaintiff, as a part of this action, was seeking to recover against Schultz and

Goodenberger in a cause of action in tort for such wrong done to plaintiff, Schultz could be held liable for acts of Goodenberger while they were working together and carrying out a common purpose, and likewise Goodenberger could be held liable for like acts of Schultz, and in that event, on the claim that they were similarly affected, it might be that their respective bondsmen could be jointly held in the same action on said bonds (it is not necessary to so decide, however); but such is not the case. In this action on the bonds, Schultz is liable only on his promise to pay for his own misconduct, and he and his bondsman are not liable for the wrongdoing of Goodenberger, and are not affected by the cause of action of plaintiff on the bond against Goodenberger and his bondsman; in other words. the cause of action on the bond against Schultz and the cause of action on the bond against Goodenberger do not have a common origin in one transaction or in transactions connected with the same subject of action. In each instance the cause of action is not a tortious wrong done, but the failure to perform a promise to pay therefor.

Except for the separate promises in the several bonds, there would be no cause of action stated in the petition against any one or more of the defendants; the causes of action on the bonds had their origin in the failure of the several parties to perform their several promises contained in the bonds, and said promises were in reference to the misconduct of different parties, and they were not connected with the same subject of action by the fact that the misconduct in office of Schultz and Goodenberger occurred at the same time. There being no liability in tort, the misconduct of one did not affect the other. nor the other's bondsman.

Causes of action otherwise joinable under §11306, GC, are not joinable if they do not affect all of the parties to the action (§11307, GC).

Being of the opinion that the cause of action on the Goodenberger bond does not affect all of the parties to the other causes of action set forth in the petition, we hold that the ruling of the court on the ground of demurrer that there was a mispoinder of causes of action was proper, and the judgment is affirmed. There is no occasion to examine the other grounds of demurrer.

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.